IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

THANH NGUYEN                                        PETITIONER
Reg. #19967-031

V.                            2:11CV00079 BSM/JTR

T.C. OUTLAW, Warden,                                RESPONDENT
FCI-Forrest City

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge Brian S. Miller.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I.  Introduction

Thanh Nguyen, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus and supporting Memorandum of Law (docket entries #1, #2).  Respondent has filed a Response (docket entry #11).  Although directed to file a Reply (docket entry #12),

Petitioner did not do so and the deadline for filing has passed.  For the reasons that follow, the Petition should be denied.

## II.  Background

In September 2008, Petitioner entered into a plea agreement in which he agreed to plead guilty to two counts of unlawful use of a communication device to facilitate distribution of MDMA (Ecstasy) in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.  (Resp't Ex. 1 [docket entry #11-1, at 1].)[1]  In the plea agreement, the parties agreed that the sentences for the two counts would run consecutively to each other, and the United States stated that it would recommend a sentence at the high end of the applicable United States Sentencing Guidelines range, which provides for a four-year maximum on each count.  (*Id.* at 3-4.)  As part of the plea agreement, Petitioner waived any right to appeal or collaterally attack any matter in connection with the prosecution, his convictions, or a sentence within the guideline range determined appropriate by the sentencing court.  (*Id.* at 6.)

On January 16, 1999, the United States District Court for the District of Kansas imposed judgment and sentenced Petitioner to forty-eight months of imprisonment for each conviction, to be served consecutively.  *United States v. Nguyen*, D. Kan. No.

---

[1]The United States agreed to dismiss 17 remaining counts.

6:08CR10002-07-WEB  (Resp't Ex. 2 [docket entry #11-1, at 9].)  In a direct appeal, he argued that the two-level enhancement for possession of a firearm in furtherance of drug trafficking was incorrectly applied.  The United States Court of Appeals for the Tenth Circuit granted the United States' motion to dismiss the appeal, finding that Petitioner's claim was within the scope of his appeal waiver as contained in the plea agreement and that the waiver was knowing and voluntary.  *United States v. Nguyen*, 343 F. App'x 385 (10th Cir. 2009) (unpublished).

In December 2009, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence in the district court for the District of Kansas.  He argued that: (1) the two counts involved the same conduct and were required to run concurrently; (2) the court was without jurisdiction to impose consecutive sentences; (3) jurisdiction can never be waived pursuant to a plea agreement; and (4) his attorney was ineffective.  (Resp't Ex. 3 [docket entry #11-1, at 16].)  The district court denied this motion, finding that: (1) Petitioner's § 2255 claims were within the scope of the appeal waiver in his plea agreement; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice.  *United States v. Nguyen*, 2010 WL 1564662 (D. Kan. Apr. 19, 2010) (Resp't Ex. 4 [docket entry #11-1, at 22]).  Petitioner did not appeal the § 2255 denial.

Petitioner then filed in the Kansas district court a petition for writ of error audita

querela pursuant to 28 U.S.C. § 1651, raising several arguments.[2]  The court denied

the petition, and Petitioner appealed.  The Tenth Circuit held that district court should

have construed the petition as a second § 2255 motion and thus should have dismissed

it for lack of jurisdiction because Petitioner had never sought authorization from the

Court of Appeals to proceed with a successive § 2255 motion.  *United States v.*

*Nguyen*, 398 F. App'x 336 (10th Cir. 2010) (unpublished).

        Petitioner then moved for authorization from the Tenth Circuit to proceed with

a successive § 2255 motion, arguing that his sentences should run concurrently and

that his counsel was ineffective in connection with negotiation of the appeal waiver

as contained in the plea agreement.  The Tenth Circuit denied authorization to

proceed, determining that Petitioner failed to meet the statutory requirements for

proceeding with a second or successive § 2255 motion.  *In re Nguyen*, No. 11-3027

(10th Cir. Jan. 28, 2011) (Resp't Ex. 5 [docket entry #11-1, at 29]); *see* 28 U.S.C. §

2255(h) (successive § 2255 motion may be allowed if court of appeals certifies that

---

[2]His arguments were: (1) recent United States Supreme Court cases created new
rights which entitled him to review by writ of error; (2) the court applied the Guidelines
as mandatory and not advisory, and erroneously believed it had no discretion to make a
downward departure from the Guidelines sentence; (3) the court was allowed to modify a
term of imprisonment pursuant to 18 U.S.C. § 3582(c); (4) Fed. R. Crim. P. 32 allowed
him to challenge the presentence report as containing erroneous information; and (5) the
court was without jurisdiction to impose consecutive sentences as the crimes of
conviction were grouped in the presentence report. *United States v. Nguyen*, 2010 WL
2545404 (D. Kan. June 21, 2010).

it is based on "newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

On April 25, 2011, Petitioner filed this § 2241 habeas action, which advances two claims: (1) consecutive sentences were imposed based on the same conduct; and (2) his counsel rendered ineffective assistance. In support, Petitioner asserts that, because both counts arose from the same criminal scheme, they should have been "grouped" for sentencing purposes under the United States Sentencing Guidelines, which would require concurrent sentences. He thus contends that the sentencing court was without jurisdiction to impose consecutive sentences. He further argues that counsel was ineffective for negotiating a plea agreement that provided for consecutive sentences and that contained a waiver prohibiting him from challenging those sentences. As relief, Petitioner asks this Court to order his sentences to run concurrently.

## III.  Discussion

While Petitioner is incarcerated in this judicial district, the claims that he is asserting in his § 2241 petition attack the validity of his sentences imposed in the District of Kansas. Issues concerning the lawfulness of a federal conviction and

sentence generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* 28 U.S.C. § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323.

A petitioner may only use § 2241 to challenge the validity of his underlying conviction and sentence if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Lopez-Lopez*, 590 F.3d at 907. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d

-7-

1059, 1061-62 (8th Cir. 2002).

Petitioner asserts that his claims have never been adjudicated on the merits in any of his previous proceedings and asks for "one opportunity to express his merits and obtain relief" (docket entry #2, at 17).

The § 2255 remedy is not inadequate or ineffective merely because the claim already has been raised and rejected in a § 2255 proceeding, or because the petitioner has been denied authorization or does not meet the statutory requirements for filing a second or successive § 2255 motion. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255(h). The § 2255 remedy will not be considered inadequate or ineffective due to a petitioner's belief that the § 2255 court misunderstood his claims, failed to adequately address them, or declined to address them on the merits. *Lopez-Lopez*, 590 F.3d at 907. In short, a § 2241 petition in the district of incarceration cannot be used to raise an issue which could have been or actually was raised in a § 2255 motion in the sentencing district. *Nichols*, 553 F.3d at 650; *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003); *Perez*, 286 F.3d at 1063; *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000). Petitioner's attempt to relitigate the same issues in this § 2241 action can be viewed as "no more than a transparent attempt to bypass the ruling[s]" of the Kansas district court and the Tenth Circuit. *Hill*, 349 F.3d at 1092.

Petitioner has failed to demonstrate the inadequacy or ineffectiveness of his §

2255 remedies in the sentencing district.  Accordingly, this Court lacks subject matter

jurisdiction to entertain the claims raised in this § 2241 habeas action, and it should

be dismissed.  See *id.* at 1091-93; *DeSimone*, 805 F.2d at 323-24.


## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition

for Writ of Habeas Corpus (docket entry #1) be DENIED, and the case be dismissed,

without prejudice.

DATED this 6th  day of October, 2011.


_____
UNITED STATES MAGISTRATE JUDGE